**LITIGATION AND BUSINESS LAW GROUP, INC.**
 Michael W. Kinney, Esq. (106781)
73-745 El Paseo Drive, Suite 12B
Palm Desert, California 92260
Telephone: 760.341.1100
Email:  mkinney@lblglaw.com

Attorneys Specially Appearing for
True Pharmastrip Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| IN RE TRUE PHARMASTRIP INC., A Canadian Corporation | Case No. 8:23-bk-11489-SC<br><br>**DECLARATION OF JAMES W. SPERTUS IN SUPPORT OF TRUE PHARMASTRIP, INC'S OPPOSITION TO PETITIONING CREDITORS MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE**<br><br>Date: August 24, 2023<br>Time: 8:30 a.m. |

1

I, James W. Spertus, declare and state as follows:

1. I am an attorney licensed to practice in the State of California, and I am counsel of record for Defendant and Cross-Complainant True Pharmastrip, Inc. ("TPI") in the action entitled *Robb Evans & Associates LLC v. Redwood Scientific Technologies, Inc., et al., and the related cross-actions*, LASC Case No. 22STCV04546, a pending interpleader action ("Interpleader Action"). I also represented TPI in the matter entitled *Federal Trade Commission v. Jason Cardiff, et al.*, United States District Court for the Central District of California, Case No. 5:18-cv-02104 (the "FTC Action"). I have personal knowledge of the facts stated herein and if called as a witness, I could and would competently testify thereto under oath. I submit this declaration in support of TPI's Opposition to Motion for Appointment of an Interim Trustee filed by BPMD Texas Partners, LP; Lejos Investments, LLC; Robert Chaikin; Gordon Smith; and Ricky Lyons' (collectively, the "Creditors").

2. Even though TPI was not a defendant in the FTC action, the FTC sought to freeze TPI funds because a defendant in the FTC case, Jason Cardiff, was once affiliated with TPI and the FTC argued that certain TPI assets fell within the scope of an asset freeze applicable to Jason Cardiff assets. I was retained by TPI in August 2019 to replace prior counsel for TPI who had mishandled prior evidentiary hearings in the FTC Action in July 2019. To moot issues related to the FTC argument that TPI was a Cardiff entity and would dissipate Cardiff assets, TPI transferred $1.56 million Canadian Dollars ($1,205,984.50 USD) to my trust, which I then transferred to the Receiver in the FTC Action. This amount was the amount held in a bank account for which Cardiff was a signatory one year earlier, before his connections to TPI were severed. I caused this transfer to be initiated on August 27, 2019, after the hearing on Poujade's objections to the FTC's Proposed Findings of Fact after the Court had expressly assured TPI that it

would have the right to be heard on issues related to ownership of the deposited funds, which TPI informed the Court were not Cardiff's funds.

3.  I transferred the above sum on behalf of TPI into a segregated bank account of the Receiver until the matter could be heard to determine ownership of the funds.

4.  TPI and my firm entered into a fee agreement on or about August 6, 2019, which was then revised one or about October 1, 2019.

5.  TPI fell behind on payments and granted an attorney's lien on the deposited funds on or about May 18, 2021. My firm agreed to continue to represent TPI in the FTC Action and further proceedings to obtain the release of TPI's Funds on the condition that my firm receive a first priority lien on the TPI Funds. When the district court ordered the funds deposited in the interpleader case, TPI supplemented the attorney lien to ensure it extended to the Interpleader Action.

6.  As a direct result of challenges to the deposited funds made by the Creditors and others, the fees now due my firm exceed the amount of TPI Funds on deposit with the Los Angeles Superior Court. My firm opposed motions by the Creditors claiming the deposited funds, filed demurrers to claims made by the Creditors against TPI that will be sustained without leave to amend, and filed a summary judgment motion to extinguish false claims of ownership of the TPI funds made by the Creditors. TPI will seek from the Creditors the difference between the fees and costs owed by TPI to my firm as of the filing date of the Interpleader Action and the fees and costs currently due that were incurred as the result of bad faith process by the Creditors.

7.  On August 2, 2023, the interpleader court sustained TPI's demurrer without leave to amend to claims by the Creditors against TPI, but stayed the order until August 30, 2023, to determine the extent to which the automatic stay applies to the Interpleader Action. The interpleader court set a status conference set for August 30, 2023, to determine whether an automatic bankruptcy stay applies to the interpleader case. If there

is no automatic stay, the court's order sustaining TPI's demurrer without leave to amend will be entered. TPI's Motion for Summary Judgment against the direct claims by the Creditors to the deposited funds is set to be heard on September 14, 2023, and a trial is scheduled for October 16, 2023, if the motion for summary judgment is not granted. All of these dates are subject to change if an automatic stay applies to the interpleader case.

8. I sent a letter to counsel for the Petitioning Creditors demanding that the petition be withdrawn, pointing out the issues with service of the Petition and Motion for Appointment of a Trustee along with many other deficiencies. A true and correct copy of this letter is attached hereto as Exhibit A. In this letter, I informed counsel for the Creditors that TPI disputes the Creditors breach of contract claims.

9. My firm never received notice of the motion for appointment of a trustee from the Creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on August 10, 2023, in Los Angeles, California.

*(signature)*
James W. Spertus

# EXHIBIT A

**EXHIBIT A**

SPERTUS
LANDES &
JOSEPHS
LLP

1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700  F 310.826.4711

617 West 7th Street, Suite 200
Los Angeles, CA 90017
P 213.205.6520  F 213.205.6521

www.spertuslaw.com

August 3, 2023

VIA EMAIL

Mr. Christopher E. Prince
Lesnick Prince & Pappas LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA 90015
cprince@lesnickprince.com

    Re:    In re True Pharmastrip, Inc., Case No. 8:23-bk-11489-SC

Dear Mr. Prince,

    We represent True Pharmastrip, Inc. ("TPI") in the interpleader case captioned *Robb Evans & Associates LLC v. Redwood Scientific Technologies, Inc., et al., and the related cross-actions*, LASC Case No. 22STCV04546 (the "Interpleader Case"). I write to advise you that the involuntary Chapter 7 bankruptcy petition you filed on behalf of BPMD Texas Partners, LP, Lejos Investments, LLC, Ricky Lyons, Gordon Smith, and Robert Chaikin (collectively, "Petitioners"), among other deficiencies, was filed in bad faith, was never served, and was filed in a court that lacks jurisdiction.

    This letter is intended to place you, your firm, and the Petitioners on notice that unless the Petition is immediately withdrawn, TPI will seek all available remedies, sanctions, compensatory and punitive damages, and attorney's fees available under the law to compensate them for your bad faith filing and to punish you and the Petitioners for misconduct. The compensatory damages TPI will seek if the Petition is not immediately withdrawn will include the attorneys' fees and costs of delay the Petition may cause in the Interpleader Case. I've been ordered to prepare a brief for the Court presiding over the Interpleader Case, and I will keep detailed billing records so TPI can add that amount to whatever other damages they incur.

    I do not believe it will be difficult on this record for TPI to establish the petition was filed in bad faith. As a preliminary matter, neither the Petition nor the Summons have ever been served, and you apparently set a motion for appointment of an interim trustee on shortened notice. I do not know whether TPI has operations in California, but if they do then service of the petition and summons must comply with the requirements of Fed. R. Bankr. P. ("FRBP") 1010(a) and 7004, and you have not complied. Your office emailed a Motion for Appointment of an Interim Trustee to Jacques Poujade on August 1, 2023, but that email did not attach the petition or summons, and email service does not comply with the requirements for personal service even if the Petition and Summons were attached to your August 1, 2023, email.

    More importantly, Jacques Poujade is not an officer, employee, agent, representative, or director of TPI, so even if email service were permitted, which it is not, an email to Mr. Poujade would not



constitute service on TPI. As of August 2. 2023, no proof of service for the petition or summons appears on the docket in your involuntary bankruptcy case. TPI is a Canadian company, and I am not certain FRBP 7004 applies in this case, but you are required to know that answer before filing an involuntary petition. Assuming FRBP 7004 applies, then FRBP 7004(e) requires that the summons be served within seven days of issuance, and failure to timely serve and file a proof of service warrants dismissal pursuant to Local Bankr. R. ("LBR") 1010-1. The summons was issued on July 26, 2023, and as of the August 2, 2023, deadline, no proof of service was filed, and no service of process was effected. The time for service has passed, and your failure to dismiss the petition for that reason alone will establish your bad faith.

Further, you filed the petition in an improper forum, and the Court lacks jurisdiction over this matter for that reason. An involuntary petition, like a voluntary petition, must be filed in the "applicable division." Local Bankr. R. 1071-1. TPI is a Canadian corporation, and it does not have a domicile, residence, principal domestic place of business, or principal domestic asset within the Santa Ana Division of the United States Bankruptcy Court for the Central District of California.

Further still, there is no legitimate basis for filing the Chapter 7 Petition. The Petitioners' claims are disputed, and creditors cannot file involuntary petitions when claims are disputed. For legitimate involuntary filings, the claims must be *completely* undisputed, not partially undisputed. 11 U.S.C. § 303(b). A materially false statement in support of an involuntary petition, in any event, constitutes bad faith as a matter of law. *In re Kidwell*, 158 B.R. 203, 217 (Bankr. E.D. Cal. 1993). The Petition you filed identifies the debtor's address as 16 Canyonwood, Irvine, CA 92620, which is a residence and TPI has never conducted business there. The Petitioners made a false statement under oath when they declared the Canyonwood address to be TPI's address, and you failed to make a reasonable inquiry to determine the falsity of that statement. A simple Google search reveals that the address is a residence. Not even Jacques Poujade, who is no longer affiliated with TPI, resides there. The address you identified as TPI's address has no connection to TPI whatsoever.

On July 28, 2023, you filed a Motion to Appoint an Interim Trustee and it is clear from that motion that the purpose of the petition is to disrupt the Interpleader Case. It is well established that the interpleader action will not be stayed by you filing an involuntary petition because the automatic stay does not apply to interpleader actions. *See In re Spaulding Composites Co.*, 207 B.R. 899, 908 (9th Cir. BAP, 1997); *In re DigiDeal Corp.*, 2017 WL 6419352, at *2 (Bankr. E.D. Wash. Dec. 14, 2017); *Engineered Structures, Inc. v. U.S. Dep't of Treasury*, 2007 WL 1989677, at *1 (D. Or. July 3, 2007). The state court's determination and distribution of the interpled funds will proceed notwithstanding this bad faith involuntary petition. I can only assume that your goal is to have the proceeds of the Interpleader Case distributed to a trustee, but you then acknowledge in the petition that my firm has a perfected attorney's fees lien, which means your only goal is to disrupt payment to my firm for work performed for TPI since we were retained in August 2019. Your factual description of the work by my firm is completely wrong, which evidences your failure to make a diligent inquiry before filing the petition. TPI was represented by Venable for the receivership proceedings you claim were handled by my firm, yet a cursory review of the receivership case docket would reveal that I did not even appear in that case until August 2019, and all of the work performed by my firm was driven by Court orders to TPI, my client. My firm's attorney's fee lien is senior to any other claim, and most importantly it is

senior to any claim by your clients. Your reference to the Interpleader Case in your motion confirms your goal in filing the petition, and TPI will likely never consent to a voluntary dismissal if they appear in the bankruptcy case because their primary goal in defending the claims in the petition will be to ensure that the Petitioners, and you and your firm to the extent possible, pay the damages and fees they are incurring.

When an involuntary petition is filed in bad faith, section 303(i) permits the award of fees and compensatory and punitive damages. The bankruptcy judge to whom this matter has been assigned is the Honorable Scott Clarkson, who is extremely knowledgeable, and he likely will not tolerate your mudslinging. I am confident that on this record he will award all damages incurred by TPI and punish those responsible for a bad faith Chapter 7 involuntary petition seeking extreme relief on shortened notice. As counsel for TPI in the Interpleader Case, I demand on TPI's behalf that you dismiss the Petition immediately. You will lose that opportunity if TPI is forced to appear and defend itself.

Sincerely,

James W. Spertus
Counsel for TPI in the Interpleader Case