LITIGATION AND BUSINESS LAW GROUP, INC.
Michael W. Kinney, Esq. (106781)
73-745 El Paseo Drive, Suite 12B
Palm Desert, California 92260
Telephone: 760.341.1100
Email:    mkinney@lblglaw.com

Attorneys Specially Appearing for
True Pharmastrip Inc.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE TRUE PHARMASTRIP INC., A Canadian Corporation | Case No. 8:23-bk-11489-SC<br><br>DECLARATION OF JACQUES POUJADE IN SUPPORT OF TRUE PHARMASTRIP, INC'S OPPOSITION TO PETITIONING CREDITORS MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE<br><br>Date:  August 24, 2023<br>Time: 8:30 a.m.<br>Ctrm. |

1.    I, Jacques Poujade, declare and state as follows:  I am over the age of 18 and I know each of the following facts to be true of my own personal knowledge or have gained such knowledge from the books and records made under my supervision and control. I am a former officer and director of True Pharmastrip, Inc. ("TPI") having tendered my resignation on July 13, 2023.

1

2. The FTC filed a complaint against Jason and Eunjung Cardiff. ("FTC Action"). Even though TPI was not named in the FTC action the FTC came after TPI to try and seize all assets of TPI. TPI disputed the claims of the FTC on multiple grounds. TPI claimed that the FTC had no right to have any funds transferred to it as they did not belong to the Cardiffs. As a show of good faith, TPI caused to be transferred the sum of $1.56 million Canadian Dollars ($1,205,984.50 USD) from the client trust account of Spertus, Landes & Joseph ("Spertus Firm") to the Receiver in the FTC Action. It is my understanding that the Spertus Firm caused this transfer to be initiated on August 27, 2019, after the hearing on the objections to the FTC's Proposed Findings of Fact, pursuant to the agreement that this deposit of funds with the Receiver would (1) resolve the contempt proceedings then pending against Poujade and (2) remove any possible concern that TPI funds potentially covered by the asset freeze on the Cardiff assets would be dissipated.

3. On October 1, 2019 TPI pursuant to a written fee agreement retained the firm of Spertus, Landes & Joseph to seek return of the above funds and to oppose the aggressive efforts of the FTC to pursue the assets of TPI. A true and correct copy of the retainer agreement is attached hereto as Exhibit

4. On or about May 20, 2021 TPI and the Spertus Firm entered into a written lien agreement and later a further lien agreement. At that time of the first agreement TPI owed the Spertus Firm the sum of a little over $505,000. The agreement was necessary to insure that TPI had representation in the Interpleader Action. A true and correct copy of the lien agreement is attached hereto as Exhibit 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of August, 2023 at Palm Desert, California.

_____
Jacques Poujade

2

EXHIBIT 1

# SPERTUS
# LANDES &
# UMHOFER
### LLP

Spertus, Landes & Umhofer, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700  F 310.826.4711
www.spertuslaw.com

October 1, 2019

## RETAINER AGREEMENT

This Attorney-Client Fee Agreement ("Agreement") is entered into by and between True Pharmastrip, Inc. ("Client") and Spertus, Landes & Umhofer LLP (the "Firm").

This Agreement is a confidential communication to the extent contemplated by California Business and Professions Code § 6149, and is intended to fulfill requirements established for attorney-client fee agreements described in California Business and Professions Code § 6148. This Agreement shall have no force or effect, and the Firm shall have no obligation to represent Client as set forth below, unless and until this Agreement is signed by all parties and all fees and deposits set forth below have been made by Client.

### Scope of Work

Client employs the Firm to advise Client in connection with the civil action captioned *Federal Trade Commission v. Jason Cardiff, et al.*, Case No. 5:18-cv-02104-SJO-PLA (the "Litigation"). Client is not a party to the Litigation, but will to seek to intervene in the Litigation to participate in discovery in an effort to obtain the return of funds deposited with the Receiver, and to establish that Client is unrelated to any of the defendant businesses named in the Litigation. Client understands that it is very difficult to predict the outcome of any matter, and acknowledges that nothing in this Agreement or in discussions with the Firm will be construed by Client as a promise or guarantee regarding any outcome, but only as expressions of the Firm's professional judgment.

### Potential Conflict of Interest Disclosure and Waiver

The Firm represents Jacques Poujade, who is a member of Client's board of directors and is also a non-party to the Litigation. The Firm has discussed with Client the possibility that concurrent representation of multiple individuals and entities could constitute a potential conflict of interest if the interests of Jacque Poujade and Client ever diverge in the future. In the Firm's opinion, no actual conflict exists at this time because Jacque Poujade and Client share a commonality of interest. In undertaking the concurrent representation of multiple individuals and entities, however, the Firm cannot and will not advise one client individually as to any matters that could adversely affect the other client. In the event that any conflict, dispute or disagreement arises between and among Jacques Poujade and Client, the Firm shall not advise either in connection with such disputes or disagreements. A future conflict of interest would include receipt by the Firm of information that places one client in an adverse position with respect to any other client. If either clients' interests diverge during the course of this representation from those of the other, further waivers of the

**SPERTUS**

**LANDES &**

**UMHOFER**
LLP

October 1, 2019
Page 2 of 7

conflicts may be required or the Firm may need to withdraw from this representation. If necessary, the Firm may choose to represent one client and will make recommendations to the other client regarding the identity of other qualified counsel to represent that client no longer represented by the Firm. The Firm has advised Client and Jacques Poujade to consult with independent and separate counsel with respect to any questions each may have regarding this conflict waiver. By executing this Agreement where indicated below Client confirms its desire to have the Firm accept this representation with this conflict disclosure and waiver, and affirms that it has had a reasonable opportunity to seek the advice of independent counsel of choice regarding this conflict waiver. Further, Client agrees not to attempt to disqualify the Firm from representing Jacques Poujade on the basis of any conflict arising out of the Firm's representation of Client and Jacques Poujade jointly in connection with the matters described in the Scope of Work.

## Fees and Deposit

Client shall deposit $100,000 forthwith as an evergreen retainer (the "Retainer"), which money will be deposited into the Firm's trust account and may be used to pay invoices from the Firm in the event Client does not pay any invoice from the Firm within 10 days. The Retainer shall be "evergreen," which means that Client will pay invoices from the Firm as invoiced by the Firm on a monthly basis. In the event that Client fails to pay invoices from the Firm, the Firm shall pay such invoices from the Retainer, and may withdraw from any continued representation of Client as set forth below. Client will be billed for fees in accordance with the schedule below:

| | |
|---|---|
| Partners | $650 per hour |
| Senior Associates | $550 per hour |
| Associates | $450 per hour |

Client understands that it is not possible to segregate work performed for Client from work performed for Jacques Poujade, and acknowledges that Jacques Poujade became involved in the Litigation as a non-party based on his activities for and on behalf of Client. The Firm will prepare a single monthly invoice for this matter that will include work done for Client and Jacques Poujade, and Client agrees to pay invoices on a monthly basis without requesting apportionment of services between Client and Jacques Poujade. Nothing in this retainer agreement is intended to relieve Jacques Poujade from his obligations to pay those same invoices under Mr. Poujade's separate agreement with the Firm.

The Firm may change and add staffing or increase rates on an annual basis as required in the Firm's exclusive judgment. In addition, Client agrees to pay all costs incurred by the Firm as described below. Fees will be charged for waiting time in public facilities or elsewhere while attending to Clients' business, and for travel time attending to Clients' business. In the event that

**SPERTUS**

**LANDES &**

**UMHOFER**
LLP

October 1, 2019
Page 3 of 7

the needs of the case so require, the Firm may ask Client to increase the Retainer amount during the course of this representation.

## Costs and Expenses

In rendering legal services under this Agreement, the Firm will make expenditures and incur expenses for or on behalf of Client, and Client will pay those costs and expenses as invoiced. If it is necessary for an attorney for the Firm to travel, all costs of travel including transportation, meals and lodging shall be paid by Client. Client will also pay directly for investigators, consultants, and expert witnesses necessary to aid in any investigation, preparation or presentation of Client's matters.

## Discharge and Withdrawal

Client may discharge the Firm at any time by giving written notice of termination. The Firm will perform no further services and incur no further expenses on behalf of Client after receipt of such notice. Any decision by Client to discharge the Firm will not entitle Client to any refund of amounts paid to the Firm.

The Firm may withdraw with Client's consent or for good cause, which includes but is not limited to Client's breach of this Agreement, Client's failure to pay an amount due when due, Client's refusal to cooperate with the Firm, Client's conduct that renders it unreasonably difficult for the Firm to carry out the scope of work described above effectively, any other fact or circumstance that would render the Firm's continuing representation unlawful or unethical, and, in a matter not pending before a tribunal, Client's insistence that the Firm engage in conduct contrary to the judgment and advice of the Firm.

## Conclusion of Services

After the Firm's services conclude, the Firm will, upon Client's request, deliver Client's file to Client. If Client does not request Client's files, the Firm may send notification to Client at Client's last known address that the files must be picked up, and in the event that Client fails to retrieve Client's files by any specified due date, the Firm will store only those documents required to be kept pursuant to California statute and the Rules of Professional Conduct, and will destroy the remainder of the file. Client shall have no legal right to claim any injury or damages against Spertus, Landes & Umhofer, LLP for the destruction of any documents or other material included in Client's file.

**SPERTUS**

**LANDES &**

**UMHOFER**
LLP

October 1, 2019
Page 4 of 7

## Arbitration of Disputes

Client and the Firm agree that all disputes concerning fees or costs in connection with this Agreement will be submitted to arbitration under the Los Angeles County Bar Association's Rules for Conduct of Arbitration of Fee Disputes and Other Related Matters, in accordance with California's Mandatory Fee Arbitration Act, sections 6200 et seq. of the Business and Professions Code ("the Act"). The arbitration shall be held in Los Angeles, California. Client acknowledges that in such arbitration, neither party will have a right to trial by jury and either party's recourse in the event of an award against it will be limited to those procedures provided by the Act. If, after receiving the notice required by the Act, Client fails to make a timely election to arbitrate pursuant to the Act, then the fee dispute will be submitted to binding arbitration as provided in the next paragraph below.

Client and the Firm agree that all disputes arising out of or relating to this Agreement or the Firm's professional services (including any claim that the Firm has not adequately or properly performed the services for which it was retained), other than fee disputes submitted to arbitration under the Act, shall be submitted to binding arbitration before a retired judge of the Los Angeles County Superior Court or the United States District Court for the Central District of California, who shall be acceptable to both sides. The arbitration shall be held in Los Angeles, California. Client acknowledges that in such arbitration, the parties will have the right to take reasonable discovery, but neither party will have a right to trial by jury or a right to appeal the arbitrator's decision. The costs of arbitration, including the arbitrator's fees, shall be split evenly between Client and the Firm; the arbitrator shall have the power to make an award of attorneys' fees and costs (including his or her fees) to the prevailing party, as the arbitrator sees fit. The parties shall keep any such arbitration confidential and shall not disclose to any person, other than those necessary to the proceedings, the existence of the arbitration, any information, testimony or documents submitted during the arbitration or received from the other party, a witness or the arbitrator(s) in connection with the arbitration, and any award, unless and to the extent that disclosure is required by law or is necessary for permitted court proceedings, such as proceedings to recognize or enforce an award.

This arbitration agreement means that Client shall forego Client's right to have disputes related to this Agreement resolved in a court of law, and that Client also shall forego any right to a jury. There are other differences between arbitration and court proceedings, and the Firm encourages Client to consult with separate and independent counsel if Client has any questions concerning this clause or any other matter set forth in this Agreement.

**SPERTUS**

**LANDES &**

**UMHOFER**
LLP

October 1, 2019
Page 5 of 7

### Disclaimer of Guarantee

No promises have been made, express or implied, regarding the outcome of Client's matter. Nothing in this Agreement and nothing in the Firm's statements to Client may be construed as a promise or guarantee regarding the outcome of Client's matter. The Firm makes no such promises or guarantees; the Firm's comments about the outcome of Client's matter are expressions of opinion only.

### E-Mail Notifications

Unless Client informs the Firm otherwise in writing, E-mail is an acceptable means of communicating with Client (and the Firm will direct communications to the E-mail address that Client has provided). If Client wishes to encrypt Client's communications with the Firm for security reasons, Client will email Client's request, and the Firm will work with Client to establish encrypted communications. Absent such a request, Client agrees that there is a reasonable expectation of secrecy in the Firm's E-mail communications to preserve Client's confidences.

### General Provisions

All notices must be in writing addressed to the address last provided by the receiving party. This Agreement binds and inures to the benefit of Client's and the Firm's respective successors and assigns. This Agreement contains the entire agreement between Client and the Firm, and all preliminary and contemporaneous communications are superseded by this Agreement. This Agreement may be amended only by a written amendment signed by both Client and the Firm. This Agreement is governed by, and must be interpreted under, California law.

**SPERTUS**

**LANDES &**

**UMHOFER**

October 1, 2019
Page 6 of 7

## Effective Date

This Agreement will take effect when Client has performed the conditions stated in the Agreement, including the timely payment of any required retainer, but its effective date will be retroactive to the date the Firm first provided services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay the Firm the reasonable value of any services the Firm may have performed for Client.

October 1, 2019          SPERTUS, LANDES & UMHOFER, LLP

_____
James W. Spertus

October 1, 2019          TRUE PHARMASTRIP, INC.

By: _Jacques B. Poujade_

Its: _CEO_



**SPERTUS**

**LANDES &**

**UMHOFER**
LLP

Spertus, Landes & Umhofer, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700  F 310.826.4711
www.spertuslaw.com

# CLIENT INTAKE FORM

| **Bill to** (if name other than what appears on Retainer Agreement): |
|---|
| |
| **Mailing Address:** |
| |
| **Email Address:** |
| |
| **Phone Numbers:** |
| |
| **Manner of billing preferred:** mail or email or BOTH |
| |
| **Additional Copies of Billings send to:** *(only if there is an additional firm or person that receives copies of bills)* |
| |

EXHIBIT 2

**SPERTUS**
**LANDES &**
**UMHOFER**
LLP

Spertus, Landes & Umhofer, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700  F 310.826.4711
www.spertuslaw.com

April 10, 2022

## ATTORNEY LIEN

For the avoidance of doubt, True Pharmastrip, Inc. ("Client") and Spertus, Landes & Umhofer LLP (the "Firm") hereby supplement the Retainer Agreement executed by Client and the Firm on October 1, 2019, and the prior Attorney Lien executed on May 18, 2021, as follows:

On or about May 18, 2021, Client granted the Firm an attorney lien for all amounts due to the Firm for legal fees and costs incurred in the case captioned *Federal Trade Commission v. Jason Cardiff, et al.*, Case No. 5:18-cv-02104-SJO-PLA (the "Litigation"). Client deposited funds with the Receiver appointed in the Litigation and the Firm represented Client in the Litigation to secure the return of a portion of the $1.2 million deposited. The Litigation has now concluded, and the District Court ordered the Receiver to interplead the funds remaining in the Receivership Estate in a state court proceeding that will resolve how the remaining funds will be distributed to claimants.

This supplemental attorney lien is intended to ensure that the Firm's attorney lien attaches the funds claimed by Client in the interpleading case captioned *Robb Evans & Associates LLC, a California limited liability company v. Redwood Scientific Technologies, Inc., a California corporation; et. al*, LASC Case No. 22STCV04546, and any cross-claims or counter-claims filed in that case (the "Interpleader Case"). This attorney lien is a priority lien securing all payments due from Client for work performed by the Firm in both the Litigation and the Interpleader Case. Client herby grants the Firm a priority lien for unpaid fees and costs due to the Firm in both the Litigation and the Interpleader Case, and Client hereby agrees that all amounts ordered returned to Client from the Interpleader Case are subject to this attorney lien, such that the Firm may be able to compel payment of fees and costs from all funds belong to Client in either case.

Because a lien may affect Client's property rights, Client should seek the advice of an independent lawyer of Client's own choice before agreeing to such a lien. By signing below, Client represents and agrees that Client has had a reasonable opportunity to consult with an independent lawyer of clients choosing, whether Client chooses to consult with independent counsel or not.

By signing below, Client hereby agrees the lien against the Deposited Funds described above. All other terms of the October 1, 2019 Retainer Agreement remain in full force and effect.

April 10, 2022        SPERTUS, LANDES & UMHOFER, LLP

_____
James W. Spertus

April 10, 2022        TRUE PHARMASTRIP, INC.

By: Jacques Poujade
Its: Chief Executive Officer