**FILED & ENTERED**

**FEB 12 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte      **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>True Pharmastrip, Inc.,<br><br><br><br><br><br><br>Debtor(s). | Case No.: 8:23-bk-11489-SC<br><br>CHAPTER 7<br><br>**ORDER (1) RE: ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ABSTAIN AND DISMISS INVOLUNTARY PETITION; AND (2) ISSUING SCHEDULING ORDER AND SETTING TRIAL DATE**<br><br>Date:       February 1, 2024<br>Time:      10:00 AM<br>Courtroom: 5C |

On February 1, 2024, the Court conducted a hearing on its order entered August 25, 2023 [Dk. 40] directing Petitioning Creditors BPMD Texas Partners, LP, Lejos Investments, LLC, Ricky Lyons, Gordon Smith, and Robert Chaikin ("Petitioning Creditors") and the Alleged Debtor True Pharmastrip, Inc., a Canadian corporation ("Alleged Debtor") to Appear and Show Cause why the Court Should not Abstain From this Bankruptcy Case Pursuant to 11 U.S.C. Section 305(a) ("OSC"). Appearances are as noted in the record.  Having fully considered the papers filed in response to the OSC,

-1-

the docket as a whole, the oral arguments at the hearing, and for the reasons set forth on the record and as discussed more fully below, the Court finds that the relevant factors do not weigh in favor of this Court exercising its discretion to abstain from the proceeding. The Court will proceed in regular order to determine whether an Order for Relief should be entered with respect to the petition.  As set forth below, a scheduling order is hereby issued and a trial on the involuntary petition will occur on July 15, 2024, at 9:30 a.m.

## I.     Introductory Statement

Consideration of the Abstention Doctrine has sometimes caused courts to analyze whether they are frivolously abdicating their role and jurisdiction in bankruptcy cases. *See, e.g., In re Nina Merchandise Corp*., 5 B.R. 743 (J. Burton R. Lifland, Bank. S.D.N.Y. 1980.). This Court undertakes its duties of exercising jurisdiction in a very serious manner, and it is quite cognizant of the long, winding, and significant Bankruptcy Code jurisdictional road, from the passage of the Bankruptcy Code in 1978 (11 U.S. Code § 101, et seq.), to *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), to *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), to *Stern v. Marshall*, 564 U.S. 462 (2011). But a simple analysis of judicial efficiency in the instant case assuages this Court of these concerns.

After review of the entire pleadings submitted, and the arguments presented by the parties, it is evident to the Court that the Petitioning Creditors meet the facial requirements to allow the Court to entertain the next stage of the involuntary petition adjudicatory process, which will include eligibility requirements of the Petitioning Creditors and the various defenses available to the Alleged Debtor.

The Court is cognizant that the Petitioning Creditors filed this involuntary petition immediately after they learned through a published state court tentative decision that a determination of a Motion for Summary Judgment in the interpleader action was not going to be in their favor. Counsel for the Alleged Debtor called this process "forum shopping," however, this Court distinguishes forum shopping with what occurred here.

The Petitioning Creditors should have a more fulsome opportunity to approach the Bankruptcy Court and seek redress at this initial stage.

The Court does not have enough evidence before it to determine whether the Petitioning Creditors are attempting to undermine the state court judicial process on the interpleader action with the filing of the involuntary petition as a litigation tactic. The Petitioning Creditors have no judgments and no direct pending litigation with the Alleged Debtor, but they have presented sufficient indicia that they hold claims as defined by the Bankruptcy Code. The Petitioning Creditors and the Alleged Debtor should have the opportunity to present their specific arguments as to whether those are eligible claims will support the entry of an Order for Relief.

The record, and all of it (including the earlier Motion to Appoint a Trustee [Dk. 5] which was denied by this Court by an order entered September 1, 2023) is not enough for the Court to abstain from the case at this time. While it is clear that the Petitioning Creditors seek the involuntary petition order for relief in order to obtain the services of a Chapter 7 Trustee to perform the tasks that they might be undertaking in state court, if the Order for Relief is entered, the appointed Chapter 7 Trustee will be driving the effort.[1] Petitioning Creditors allege that a Ponzi-type scheme occurred which involved the Alleged Debtor; however, while the Court has no real evidence before it of these allegations, the voluntary Chapter 7 filing of the two alleged current or former insiders of the Alleged Debtor are noteworthy.[2]

For these reasons, as well as those set forth below, it is the considered view of this Court that it should not abstain in this involuntary bankruptcy case at this time.

## II.    Procedural Background

---

[1] Or if the Alleged Debtor converts its case to Chapter 11 and attempts to remain in control of its operations and this case, it can control the direction of this case.

[2] One of the petitioning creditors is willing to "sink" over $500,000 into litigation against the Alleged Debtor by advancing or gifting a Chapter 7 Trustee funds to investigate the Alleged Debtor; that is between the Chapter 7 Trustee and the petitioning creditor(s), although such an arrangement would have to be approved by the Court. *See, also*, In re Jacques Bertrand Poujade, Case No. 6:23-bk-15205-WJ, filed November 6, 2023 and In re Tri-Emerald Financial Group, Inc., Case No. 8:23-bk-12302-SC, filed October 31, 2023.

This involuntary Chapter 7 case was commenced on July 24, 2023, by the filing of an involuntary petition against True Pharmastrip, Inc., a Canadian corporation ("Alleged Debtor") by Petitioning Creditors BPMD Texas Partners, LP, Lejos Investments, LLC, Ricky Lyons, Gordon Smith, and Robert Chaikin ("Petitioning Creditors"). Shortly after initiating this proceeding, Petitioning Creditors sought the appointment of an interim trustee [See, Dk. 5], which was denied by an order entered September 1, 2023 [Dk. 47].  As a result of the Court's consideration of the evidence submitted in connection with the motion for an appointment of a trustee, and the oral argument of the parties at the hearing on August 24, 2023, the Court considered abstention and dismissal pursuant to Section 305(a)(1) of the Bankruptcy Code and desiring to provide the parties with an opportunity to fully brief the issue of abstention and their respective positions thereon, issued an order to show cause why the Court should not dismiss the Chapter 7 case pursuant to 11 U.S.C. §305(a) ("OSC") [Dk. 40]. The hearing occurred on the OSC on February 1, 2024.

### III.    Discussion

#### A. The Legal Standard Governing Abstention pursuant to 11 U.S.C. Section 305

Section 305 of the Bankruptcy Code grants Bankruptcy Courts significant discretion to decline exercising jurisdiction over a bankruptcy case, providing that after notice and a hearing the bankruptcy court may dismiss or suspend a bankruptcy proceeding "at any time" if "the interests of creditors and the debtor would be better served by dismissal or suspension." 11 U.S.C. § 305(a).

As noted by the Ninth Circuit Bankruptcy Appellate Panel ("B.A.P."):

> As the statutory language and legislative history demonstrate, the test under § 305(a) is not whether dismissal would give rise to a substantial prejudice to the debtor. Nor is the test whether a balancing process favors dismissal. Rather, the test is whether both the debtor and the creditors would be 'better served" by a dismissal.

*Eastman v. Eastman (In re Eastman),* 188 B.R. 621, 625. See also *Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)*, 370 B.R. 236, 246 (9th Cir. B.A.P. 2007) (where the B.A.P. affirmed the dismissal of an involuntary petition pursuant to § 305(a), noting that such dismissal may be appropriate even when the involuntary petition may otherwise satisfy the requirements of Section 303)[3].

Whether "the interests of creditors and the debtor would be better served by such dismissal" requires a court to analyze the "totality of the circumstances." *In re Macke*, 370 B.R. at 247 (citing *Eastman*, 188 B.R. at 624). "Before a court may refrain from exercising jurisdiction over an otherwise proper case, it must make specific and substantiated findings that the interests of the creditors and the debtor will be better served by dismissal or suspension." *Id.*

There exists no specific statutory reference to guide a bankruptcy court in its analysis; however, the Ninth Circuit has applied the following seven factors used by the B.A.P. in *Marciano*[4] to determine whether abstention is appropriate under § 305 (a) for an involuntary petition:

> (1) the economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has

---

[3] § 303 states in pertinent part: (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title– (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, the undisputed claims aggregate at least $18,600 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; (2) if there are fewer than 12 such holders, by one or more of such holders that hold in the aggregate at least $18,600. 11 U.S.C. § 303 (emphasis added).

[4] The B.A.P. has also cited the District of Colorado's analysis of abstention under the four-factor test used in In re Spade. Macke Int'l Trade, Inc., 370 B.R. at 247. See also *In re Spade*, 258 B.R. 221, 227-229 (Bankr. D. Colo. 2001) (finding the following four criteria relevant into the court's determination on abstention: "(1) the motivation of the parties seeking bankruptcy jurisdiction, (2) the availability of another forum, (3) the economy and efficiency of administration, and (4) prejudice to the parties."). The Court observes that several of the foregoing factors are relevant to this Court's inquiry and are addressed herein.

proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Marciano*, 459 B.R. 27, 46–47 (B.A.P. 9th Cir. 2011) (first citing *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464–65 (Bankr.S.D.N.Y.2008), then citing *In re Paper I Partners, L.P.*, 283 B.R. at 678 ("§ 305(a) Factors")).[5]

The Ninth Circuit B.A.P. has further noted that "[b]ecause an order to dismiss under § 305(a) is not reviewable by the courts of appeal (see § 305(c)), such a dismissal is an 'extraordinary remedy' of 'narrow breadth,' which may be utilized 'to prevent the commencement and continuation of disruptive involuntary cases.'" *In re Macke*, 370 B.R. at 247.

Notwithstanding the foregoing, a decision to abstain under § 305 is subject to review by the Bankruptcy Appellate Panel under an abuse of discretion standard. See *Eastman*, 188 B.R. at 624; *see also In re Gabriel Techs. Corp.*, No. 13-30341, 2013 WL 5550391, at *3 (Bankr. N.D. Cal. Oct. 7, 2013).[6] The reviewing court must affirm the

---

[5] *See also In re Paper I Partners, L.P.*, 283 B.R. 661, 679 (Bankr. S.D.N.Y. 2002) (applying the broader seven factors in making their determination that there was no basis for abstention when most factors weighed in favor of a bankruptcy proceeding); *In re Selectron Mgmt. Corp.*, No. 10-75320-dte, 2010 Bankr. LEXIS 3361, at *11, *19 (E.D.N.Y. Sept. 27, 2010) (concluding that the court may dismiss a bankruptcy case sua sponte and applied the seven factors when making their determination that abstention was proper); *In re Korean Radio Broad. Inc.*, No. 19-46322-ess, 2020 Bankr. LEXIS 1170, at *30 (Bankr. E.D.N.Y. Mar. 31, 2020) (holding dismissal under §305(a) was proper when six of the seven factors weighed in favor of abstention); *In re P&G Realty Corp.,*157 B.R. 239, 242 (Bankr. W.D. Pa. Aug. 11, 1993) (holding abstention was warranted because the sole issue before the court was whether an issue of state law was correctly applied in previous litigation); *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 434 (Bankr. S.D. N.Y. 2007) (holding abstention proper and underscoring the importance of judicial deference to pending foreign bankruptcy proceedings); *In re Short Hills Caters, Inc.*, No. 08-18604, 2008 Bankr. LEXIS 1726, at *16-17 (Bankr. D.N.J. June 4, 2008) (finding abstention proper and emphasizing the importance that both the creditors and debtors must benefit from the dismissal under §305(a) for abstention to be proper); *In re R&S St. Rose*, No. 10-18827-MKN, 2010 Bankr. LEXIS 6574, at *23 (Bankr. D. Nev. Oct. 29, 2010) (holding abstention proper where there is a two-party dispute and no benefit to liquidating the asset in Chapter 7).

[6] Courts in the Ninth Circuit apply a two-part test to determine whether an abuse of discretion occurred. *In re Roger*, No. 6:13-BK-27611-MH, 2015 WL 7566647, at *6 (C.D. Cal. Nov. 24, 2015). In *In re Roger*, where the Central District Court of California reversed a bankruptcy court's order denying appellant's motion to abstain, the court applied a two-factor test to determine whether an abuse of discretion occurred: (1) The court considered de-novo whether the bankruptcy court applied the correct legal standard, and (2) If the bankruptcy court identified the correct legal standard, the reviewing court must

-6-

bankruptcy court's fact findings on any grounds fairly supported by the record unless they are illogical, implausible, or without support in the record. See *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).[7]

As noted above, having considered the totality of the circumstances, and, noting that the Petitioning Creditors have presented what appear to be legitimate and distinct claims, and have no direct pending litigation against the Alleged Debtor, utilization of the Court's discretion for abstention is not warranted at this time. The standards articulated above which guide the Court in the determination of abstention have not been met.

Accordingly, the Court finds good cause to permit this involuntary petition to proceed for a determination on whether an order for relief is warranted. In furtherance thereof, the Court issues the following scheduling order:

**IV.    SCHEDULING ORDER**

1. Judge Clarkson's Instructions for Pre-Trial Stipulations, Settlement Instructions, Regular Trial and Evidentiary Hearing Instructions, available on the Court's website, will apply in these proceedings.
2. Any discovery, including the resolution of any discovery motions must be completed by no later than April 30, 2024.
3. All non-discovery motions must be heard and resolved by May 30, 2024.
4. A pre-trial conference will occur on June 18, 2024, at 1:30 p.m.
5. Trial will occur on Monday, July 15, 2024, at 9:30 a.m.

---

determine if the bankruptcy court's application of the law was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *In re Roger*, 2015 WL 7566647, at *6 (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)).

[7] A reviewing court will defer to the lower court's decision under the abuse of discretion standard unless there was: "(1) reliance on an improper factor, (2) omission of a substantial factor, or (3) a clear error of judgment in weighing the correct mix of factors." *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009). A factual determination is clearly erroneous when it is without adequate evidentiary support or was induced by an erroneous view of law. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.),* 344 B.R. 94, 99 (9th Cir. B.A.P. 2006); *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 612 (9th Cir. B.A.P. 2014).

## V. CONCLUSION

For the reasons so specified herein, and for the reasons stated on the record, the Court finds that the relevant factors do not weigh in favor of this Court's exercising its discretion to ABSTAIN from hearing this bankruptcy proceeding. The Scheduling Order set forth above will apply and a trial to determine whether an order for relief should be entered will occur on July 15, 2024, at 9:30 a.m.

**IT IS SO ORDERED.**

Date: February 12, 2024

Scott C. Clarkson
United States Bankruptcy Judge