1    CHRISTOPHER E. PRINCE (SBN 183553)
        cprince@lesnickprince.com
2    LESNICK PRINCE PAPPAS & ALVERSON LLP
      315 W. Ninth St., Suite 705
3    Los Angeles, CA 90015
      Telephone: (213) 493-6496
4    Facsimile:   (213) 493-6596

5    Proposed Special Litigation Counsel for
      Chapter 7 Trustee, Thomas H. Casey
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         SANTA ANA DIVISION

11

12   In re                                      Case No. 8:23-bk-11489-SC

13   TRUE PHARMASTRIP, INC., a Canadian         Chapter 7
      corporation,
14                                              **APPLICATION OF CHAPTER 7
                                                 TRUSTEE FOR ORDER AUTHORIZING
15                                               EMPLOYMENT OF LESNICK PRINCE
                                                 PAPPAS & ALVERSON LLP AS
16                    Debtor.                     SPECIAL LITIGATION COUNSEL;
                                                 DECLARATIONS OF CHRISTOPHER E.
17                                               PRINCE AND THOMAS H. CASEY**

18
                                                [No Hearing Required – Local Bankruptcy
19                                              Rule 2014-1]

20

21          Pursuant to 11 U.S.C. §§ 327, 328 and 330, Federal Rule of Bankruptcy

22   Procedure 2014, and Local Bankruptcy Rule 2014-1, Thomas H. Casey, the chapter 7

23   trustee in this case (the "Trustee"), submits this application (the "Application") for authority

24   to employ Lesnick Prince Pappas & Alverson LLP ("LPPA") as his special litigation counsel

25   to investigate and pursue potential avoidance actions and litigation claims on a hybrid hourly

26   and contingency fee basis on the terms and conditions set forth below.

27

28

In support of this Application, the Trustee submits the attached Declarations of Christopher E. Prince, a partner of LPPA (the "Prince Declaration"), and the Trustee (the "Casey Declaration").  In further support of this Application, the Trustee respectfully states as follows:

## I.      BACKGROUND

On July 24, 2023 (the "Petition Date"), petitioning creditors BPMD Texas Partners, LP, Lejos Investments, LLC, Ricky Lyons, Gordon Smith, and Robert Chaikin (together, "Petitioning Creditors") filed the instant Chapter 7 involuntary petition (the "Involuntary Petition") against debtor True Pharmastrip, Inc. ("TPI" or the "Debtor"), which commenced Bankruptcy Case No. 8:23-bk-11489-SC.  [Dkt. No. 1].  Petitioning Creditors are entities and individuals who loaned TPI a total of $475,000 in 2019, which TPI was obligated to repay in 2021 but did not.  [*See* Dkt. No. 1.] On September 30, 2024, this Court entered its Order for Relief in an Involuntary Case.  [Dkt. No. 129].

On October 1, 2024, Thomas H. Casey was appointed the chapter 7 trustee in this case.  [Dkt. No. 130.]  The Trustee has identified certain potential avoidance actions and litigation claims (described in more detail below) and has decided that he wishes to employ LPPA on a hybrid hourly and contingency fee basis to pursue such claims.  LPPA proposes to bill its time at fifty percent of its standard hourly rates plus a contingency fee of between fifteen and twenty-five percent of recoveries, depending on the timing of the recovery.

One of the Petitioning Creditors, BPMD Texas Partners, LP, has agreed to advance the funds to pay LPPA for its hourly billings, which will be reimbursed to BPMD Texas Partners, LP from the estate, which includes any recovery from the Litigation Claims (defined below).

Subject to Bankruptcy Court approval of the terms and conditions set forth in this Application, LPPA has agreed to act as special litigation counsel to the Trustee.

4898-1090-1815

2

## II.    POTENTIAL LITIGATION CLAIMS AND PROPOSED EMPLOYMENT OF LPPA

The Trustee has identified certain potential avoidance actions and litigation claims (the "Litigation Claims") that the Trustee wishes to pursue for the benefit of the estate.

The primary Litigation Claim that the Trustee wishes to investigate and potentially pursue is a claim against the law firm of Spertus Landes & Josephs LLP (the "Spertus Firm").  The Spertus Firm purported to jointly represent TPI and one of its directors (and its sole officer), Jacques Poujade, in proceedings before the United States District Court regarding the court's order holding Poujade in contempt.  *See*, *generally*, *Federal Trade Commission v. Jason Cardiff et al.*, C.D. of Cal., Case No. 5:18-cv-02104 (the "FTC Action").

The Spertus Firm's engagement letter provided that TPI would pay all Poujade's personal legal fees because "it is not possible to segregate work performed for [TPI] and work performed for Jacques Poujade."   [Poujade Decl. ISO Opposition to Petitioning Creditors' Motion to Appoint an Interim Trustee, Dkt. No. 22-5 Ex. 1.]  At the time, TPI was not a party to the FTC Action, and Poujade had engaged the Spertus Firm to have his personal contempt citation discharged.

The letter is dated October 1, 2019.  A few months prior, the Honorable S. James Otero found that Jacques Poujade had lied and conspired with others to commit a fraud on the court:

> The Court is convinced that all of the parties participating in today's hearing, including Mr. Poujade, was aware of the asset freeze at that time.
>
> Mr. Poujade, I find that you are totally unbelievable. You lied to this Court. You perpetrated fraud on this Court. You did that in conjunction with the Cardiffs.
>
> You created a paper trail perpetuating the fraud on the Court. It's unbelievable considering the positions that you hold as a financial officer.
>
> But I guess money is everything and greed is everything. And in the pursuit of your greed, you have advanced the interest of the Cardiffs to the detriment of the public, government agencies, the receiver, and the Court.

4898-1090-1815

1  [FTC Action Dkt. No. 188, Hrg. Transcript 87:14 -88:1.]

2        By definition, the finding that Poujade had conspired with others to commit a

3  fraud on a federal court created a conflict with TPI.  But the Spertus Firm's engagement

4  letter does not describe this conflict, nor seek a waiver of it.  Indeed, the engagement letter

5  states, in the opinion of the Spertus Firm, there was no conflict between TPI and Jacques

6  Poujade.  Moreover, the engagement letter asks TPI to acknowledge that Poujade "became

7  involved" in the FTC Action "based on his activities for and on behalf of [TPI]."  The

8  engagement letter is signed by Poujade himself.  There is no evidence that this engagement

9  was presented to TPI's disinterested directors, let alone approved by them.

10        The Spertus Firm's opinion (i.e., that the jointly represented parties had no

11  conflict of interest) directly contradicts the position that TPI took when it sued Venable LLP

12  in Los Angeles County Superior Court for legal malpractice for the exact same

13  representation (i.e., jointly representing Poujade and TPI in the FTC Action) in *True*

14  *Pharmastrip, Inc., et al v. Venable LLP,* Case No. 20STCV34843 (the "Malpractice Action").

15        In their complaint, TPI and Poujade alleged "[t]he representation by [Venable]

16  of TPI was directly adverse to Poujade in the FTC Action regarding the OSC.  Further, there

17  was a significant risk that [Venable's] representation of TPI would be, and was, materially

18  limited by Defendant's responsibilities to or relationships with Poujade."  [Malpractice Action,

19  Complaint ¶16.]    TPI settled with Venable and dismissed the action with prejudice.

20  [Malpractice Action, Minute Order Dated May 10, 2021 re Case Management Conference

21  and Request for Dismissal.]

22        In addition to the same conflicted representation as Venable, the Spertus Firm

23  had a further conflict: the Spertus Firm represented Poujade in a federal criminal proceeding

24  where Poujade pleaded guilty to securities fraud.  [Plea Agreement, *USA v. Poujade, C.D.*

25  *Cal. 8:23-cr-00084-MCS*, Dkt. No. 6.]  It does not appear that the Spertus Firm obtained any

26  waiver from TPI regarding the conflicts created by this simultaneous representation.

27

28

4898-1090-1815

4

There are similar potential claims against another of the Debtor's former legal counsel, Michael Kinney, who has been intimately involved with Jacques Poujade's "business" activities for years.  The Trustee wishes to investigate and potentially pursue claims that Kinney knew or should have known that Poujade was defrauding investors and that the Debtor paid Kinney to represent Poujade's interests rather than the Debtor's.

More fundamentally, the Debtor raised at least ten million dollars from investors.  These funds were never returned to investors, despite the lack of any evidence that the Debtor ever operated a business, sold products, or generated revenue.  The Trustee wishes to investigate and potentially pursue claims for fraudulent transfers against the recipients of those investor funds.

Finally, the Trustee may need to file an action to avoid a purported lien in favor of 8Tech Innovate LLC ("8Tech").  In October 2021, 8Tech filed a UCC-1 against TPI and Pharmastrip Corp.  8Tech was founded by Jacques Poujade in 2019, and 8Tech's registered agent is an attorney named Ulises Pizano-Diaz who has also represented TPI and Jacques Poujade in a malpractice action against the Venable LLP law firm.  8Tech's corporate attorney is/was Michael Kinney (i.e., TPI's former bankruptcy attorney).  Given the timing and the persons involved, the Trustee believes that the 8Tech lien is fraudulent and/or avoidable.

The Trustee needs counsel to investigate and, if appropriate, prosecute the Litigation Claims for the benefit of the estate.  Unfortunately, the estate has no funds with which to pay attorneys' fees.  Therefore, the Trustee believes that it is in the best interests of the bankruptcy estate and its creditors to employ LPPA on a hybrid hourly and contingency fee basis, with the funds to be paid for LPPA's hourly billings to be advanced by one of the Petitioning Creditors, BPMD Texas Partners, LP.  In exchange, Trustee agrees that Trustee shall not accept a settlement that will yield a recovery less than the amount of retainer paid or any other amounts agreed to be paid by BPMD Texas Partners, LP in connection with LPPA's employment by the Trustee.

4898-1090-1815

LPPA specializes in matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Trustee as his special litigation counsel.  LPPA's attorneys are admitted to practice law in the California courts and in the United States District Court and Bankruptcy Court for all of the federal districts in the State of California.  Copies of biographies of the LPPA attorneys most likely to work on this matter are attached to the Prince Declaration as <u>Exhibit A</u>.

The Trustee has determined that LPPA's knowledge, experience and terms of compensation are well-suited for this representation and, therefore, has decided to employ LPPA as his special litigation counsel, at the expense of the bankruptcy estate, as allowed by the Court, and to have LPPA's employment be deemed effective as of the date of this Application, according to the terms and conditions set forth in the following section.

## III.    COMPENSATION AND TERMS OF EMPLOYMENT

Subject to the approval of the Court, the Trustee and LPPA have agreed that LPPA should be compensated for its work as special litigation counsel under 11 U.S.C. §§ 327, 328 and 330 as follows:

- •    LPPA shall receive fifty percent of its standard hourly rates under the free procedures described below.  LPPA shall also collect a contingency fee of between fifteen and twenty-five percent of recovery in any matter – ten percent if collected within four months, fifteen percent of recovery if collected before completion of discovery, twenty percent if collected before the pretrial conference and twenty-five percent thereafter.  This contingency fee will be payable on any monetary recovery on account of the Litigation Claims, whether it be achieved by way of settlement, compromise, judgment, verdict, arbitration, or otherwise.

- •    For calculating the reduced-hourly rate, LPPA will use the same hourly rates for this case that LPPA predominantly uses for other matters, whether in court or otherwise, regardless of whether a fee application is required.  The current standard hourly rates for the LPPA professionals most likely to work on this matter are as follows:

| | | |
|---|---|---|
| 1 | Michael E. Pappas | $710/hour |
| 2 | Christopher E. Prince | $695/hour |
| 3 | Matthew A. Lesnick | $695/hour |
| 4 | David S. Alverson | $680/hour |
| 5 | Lisa R. Patel | $425/hour |
| 6 | Janet Mack (paralegal) | $255/hour |

7      •      LPPA's attorneys adjust their regular hourly rates from time to time.

8  LPPA will provide written notice of any proposed increases in its rates.  LPPA may hire

9  additional attorneys from time to time and may utilize such attorneys without additional

10  notice.  LPPA will seek reimbursement of expenses in accordance with the rates set forth in

11  the guidelines promulgated by the OUST.

12      •      This fee arrangement does not cover any appeals, and LPPA shall have

13  no obligation to pursue or defend any appeals.  If the Trustee and LPPA both decide that

14  LPPA should pursue or defend any appeal of any of the Litigation Claims, then the Trustee

15  and LPPA may agree to additional terms and conditions of compensation that the Trustee

16  deems reasonable, without any further Court approval required.

17      •      LPPA has not received any payments from the Trustee.    LPPA

18  anticipates that it will receive an "evergreen" retainer from BPMD Texas Partners, LP in the

19  amount of $50,000, which amount shall be reimbursed from the assets of the estate.

20      •      In connection with the hourly component of its compensation, LPPA will

21  file one or more fee applications seeking Court authority to receive compensation and

22  reimbursement of expenses from the Trustee consistent with any orders of the Bankruptcy

23  Court and applicable procedures established by the OUST ("Court Approved Hourly Fees").

24  LPPA will look to BPMD Texas Partners, LP for payment of those allowed fees unless and

25  only to the extent that the Estate obtains funds by way of the Litigation Claims to pay those

26  fees.

27

28

- LPPA shall not be required to file any fee applications to recover the contingency fee component of its compensation. The Trustee shall be authorized to pay such amounts without further Court approval.

## IV. DISCLOSURE OF CONNECTIONS AND NO ADVERSE INTEREST

LPPA previously represented Petitioning Creditors in this case but no longer serves in that capacity.  (Prince Decl. ¶ 6.)  Petitioning Creditors are now solely represented by the Snell & Wilmer LLP law firm.  (*Id*.)  BPMD Texas Partners, LP will be advancing funds to the Debtor's estate, in the form of payments made directly to LPPA, to pay LPPA's hourly legal fees.  (*Id*.)  LPPA will look to BPMD Texas Partners, LP for payment of those allowed fees unless and only to the extent that the Estate obtains funds by way of the Litigation Claims to pay those fees.  (*Id*.)

The Trustee seeks to employ LPPA as special litigation counsel under terms consistent with prior orders by this Court approving similar arrangements.  This Court has approved a chapter 7 trustee's employment of special litigation counsel where counsel previously represented the Debtor.[1]  This Court has also approved a chapter 7 trustee's employment of special litigation counsel where counsel previously represented four creditors and where the creditors agreed to fund legal fees directly.[2]  As in those cases, LPPA has formally ended its representation of Petitioning Creditors in this matter, ensuring no conflicts with its prospective role representing the estate.

Except as provided above, to the best of LPPA and the Trustee's knowledge, LPPA has never represented any creditor or party in interest in connection with this bankruptcy case.

Further, except as described above, LPPA:

- is not aware of any connection to the Debtor, its principals or insiders;

- is not a creditor, an equity security holder, or an insider of the Debtor;

---

[1] *See In re John Olaf Halvorson*, Case No. 8:15-bk-13556-SC, Dkt. Nos. 681, 707.

[2] *See In re Shaun D. Etchegoyen*, Case No. 8:22-bk-10960-SC, Dkt. Nos. 90, 92.

- is not aware of any past or present representations or relationships that would cause LPPA to hold or represent any interest materially adverse to the Debtor or the Debtor's estate; and

- is a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code. (Prince Decl. ¶ 8.)

As explained above, LPPA and the Trustee are still investigating the estate's potential litigation claims. If LPPA discovers any facts that would put LPPA in an adverse relationship to the bankruptcy estate, it will immediately disclose such facts.

The Trustee believes that his employment of LPPA on the terms and conditions set forth above is in the best interest of creditors and the bankruptcy estate.

A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as <u>Exhibit B</u> to the Prince Declaration.

WHEREFORE, the Trustee respectfully requests that the Court approve the Trustee's employment of LPPA as its special litigation counsel to investigate and pursue the Litigation Claims on the terms and conditions set forth above, effective as of the date of this Application.

DATED: April 18, 2025

By: _____
Thomas H. Casey, chapter 7 trustee

1

## <u>DECLARATION OF CHRISTOPHER E. PRINCE</u>

2

I, Christopher E. Prince, hereby declare:

3      1.      Unless otherwise stated, I have personal knowledge of the facts set

4  forth herein and, if called as a witness, could and would testify competently thereto.

5      2.      I am an attorney licensed to practice law in the courts of the State of

6  California and in the United States District Courts and Bankruptcy Courts for the Central,

7  Southern, Eastern and Northern Districts of California and a partner of the law firm Lesnick

8  Prince Pappas & Alverson LLP ("LPPA").

9      3.      LPPA specializes in matters of insolvency, reorganization and

10 bankruptcy law and is well qualified to represent the Trustee as his special litigation counsel.

11 LPPA's attorneys are admitted to practice law in the California courts and in the United

12 States District Court and Bankruptcy Court for all of the federal districts in the State of

13 California.  Copies of biographies of the LPPA attorneys most likely to work on this matter

14 are attached to hereto as <u>Exhibit A</u>.

15     4.      LPPA will begin providing legal services to the Trustee on or about the

16 date of its application to be employed.  LPPA has agreed to represent the Trustee as special

17 litigation counsel on a hybrid hourly and contingency fee basis on the terms and conditions

18 set forth in the application.

19     5.      LPPA will use the same hourly rates for this case that LPPA

20 predominantly uses for other restructuring, workout, bankruptcy, insolvency, and

21 comparable matters, whether in court or otherwise, regardless of whether a fee application

22 is required.  The current hourly rates for the LPPA professionals most likely to work on this

23 matter are as follows:

24          Michael E. Pappas          $710/hour

25          Christopher E. Prince       $695/hour

26          Matthew A. Lesnick         $695/hour

27          David S. Alverson          $680/hour

28

4898-1090-1815

10

1     Lisa R. Patel     $425/hour

2     Janet Mack (paralegal)  $255/hour

3     6.  LPPA previously represented Petitioning Creditors in this case but no

4 longer serves in that capacity.  Petitioning Creditors are now solely represented by the Snell

5 & Wilmer LLP firm.  Petitioning Creditor BPMD Texas Partners, LP will be advancing funds

6 to the Debtor's estate, in the form of payments made directly to LPPA, to pay LPPA's hourly

7 legal fees. The retainer will be reimbursed to BPMD Texas Partners, LP from assets of the

8 estate.

9     7.  In connection with the hourly component of its compensation, LPPA will

10 file one or more fee applications seeking Court authority to receive compensation and

11 reimbursement of expenses from the Trustee consistent with any orders of the Bankruptcy

12 Court and applicable procedures established by the OUST ("Court Approved Hourly Fees").

13 LPPA will look to BPMD Texas Partners, LP for payment of those allowed fees unless and

14 only to the extent that the Estate obtains funds by way of the Litigation Claims to pay those

15 fees.   Except as provided above, to the best of LPPA and the Trustee's knowledge, LPPA

16 has never represented any creditor or party in interest in connection with this bankruptcy

17 case.

18     8.  Further, except as specifically provided above, LPPA: (i) is not aware

19 of any connection to the Debtor, its principals or insiders; (ii) is not a creditor, an equity

20 security holder, or an insider of the Debtor; and (iii) is not aware of any past or present

21 representations or relationships that would cause LPPA to hold or represent any interest

22 materially adverse to the Debtor or the Debtor's estate.

23     9.  LPPA and the Trustee are still investigating the estate's potential

24 litigation claims.  If LPPA discovers any facts that would put LPPA in an adverse relationship

25 to the bankruptcy estate, it will immediately disclose such facts.

26     10.  California Rule of Professional Conduct 1.8.6 provides:

27       A lawyer shall not enter into an agreement for, charge,
        or accept compensation for representing a client from
28

1
2
3
4
5
6
7
8
9

one other than the client unless: (a) there is no interference with the lawyer's independent professional judgment or with the lawyer-client relationship; (b) information is protected as required by Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6; and (c) the lawyer obtains the client's informed written consent at or before the time the lawyer has entered into the agreement for, charged, or accepted the compensation, or as soon thereafter as reasonably practicable, provided that no disclosure or consent is required if: (1) nondisclosure or the compensation is otherwise authorized by law or a court order; or (2) the lawyer is rendering legal services on behalf of any public agency or nonprofit organization that provides legal services to other public agencies or the public.

10
11
12
13

11.     BPMD Texas Partners, LP's advancing of funds will not interfere with LPPA's independent professional judgment or the lawyer-client relationship between LPPA and the Trustee, and LPPA will protect information as required under Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6.

14
15
16

12.     A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as Exhibit B.

17
18
19

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 18, 2025 at Los Angeles, California.

20
21
22

_____
        /s/ Christopher E. Prince
        Christopher E. Prince

23
24
25
26
27
28

## __DECLARATION OF THOMAS H. CASEY__

I, Thomas H. Casey, hereby declare:

1.    I am the duly-appointed chapter 7 trustee in this case.  Unless otherwise stated, I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.    As trustee, I have identified and wish to investigate and potentially pursue certain potential avoidance actions and litigation claims (the "Litigation Claims") for the benefit of the estate.

3.    For example, Debtor True Pharmastrip, Inc. (the "Debtor") raised at least ten million dollars from investors.  These funds were never returned to investors, despite the lack of any evidence that the Debtor ever operated a business, sold products, or generated revenue.  I wish to investigate and potentially pursue claims for fraudulent transfers against the recipients of those investor funds.

4.    I also wish to investigate and potentially pursue claims against the Debtor's legal counsel, Michael Kinney, who I am informed has been intimately involved with CEO Jacques Poujade's "business" activities for years.  I want to investigate and potentially pursue claims that Kinney knew or should have known that Poujade was defrauding investors and that the Debtor paid Kinney to represent Poujade's interests rather than the Debtor's.  I also wish to investigate and pursue somewhat similar claim with respect to the law firm Spertus, Landes & Josephs, LLP, which simultaneously represented both the Debtor and Poujade individually.

5.    I require special litigation counsel to investigate and, if appropriate, prosecute the Litigation Claims for the benefit of the estate.  Unfortunately, the estate has no funds with which to pay attorneys' fees.  Therefore, I believe that it is in the best interests of the bankruptcy estate to employ Lesnick Prince Pappas & Alverson LLP ("LPPA") on a hybrid hourly and contingency fee basis as described in LPPA's employment application with funds to be advanced by one of the Petition Creditors.

6.     California Rule of Professional Conduct 1.8.6 provides:

> A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client unless: (a) there is no interference with the lawyer's independent professional judgment or with the lawyer-client relationship; (b) information is protected as required by Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6; and (c) the lawyer obtains the client's informed written consent at or before the time the lawyer has entered into the agreement for, charged, or accepted the compensation, or as soon thereafter as reasonably practicable, provided that no disclosure or consent is required if: (1) nondisclosure or the compensation is otherwise authorized by law or a court order; or (2) the lawyer is rendering legal services on behalf of any public agency or nonprofit organization that provides legal services to other public agencies or the public.

7.     I have spoken with Christopher Prince at LPPA regarding this engagement multiple times, and I am satisfied that BPMD Texas Partners, LP's advancing of funds will not interfere with LPPA's independent professional judgment or the lawyer-client relationship between me and LPPA.  I am further satisfied that information will be protected as required under Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6.  Indeed, LPPA's prior representation of BPMD Texas Partners, LP has given LPPA specialized knowledge with respect to the Debtor and the Litigation Claims that cannot be replicated by another firm without a substantial investment of time and resources.

8.     LPPA specializes in matters of insolvency, reorganization and bankruptcy law and is well qualified to represent me as my special litigation counsel.  I have determined that LPPA's knowledge, experience and terms of compensation are well-suited for this representation.  In my business judgment, retention of LPPA is in the best interest of the estate and its creditors.  Therefore, subject to the approval of the Court, I have decided to employ LPPA as my special litigation counsel,  under the terms described in LPPA's employment application, and to have LPPA's employment be deemed effective as of the date of LPPA's employment application according to those.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 18, 2025 at Mission Viejo, California.

_____
Thomas H. Casey

# EXHIBIT A

Christopher E. Prince - Lesnick Prince & Pappas LLP



# Christopher E. Prince

**Partner**

213.291.8984
213.493.6596
cprince@lesnickprince.com
Download vCard

Experience    |    Published Decisions    |    Education

Chris practices in the areas of bankruptcy and insolvency, creditors' rights, and commercial litigation. In the bankruptcy and insolvency context, Chris has represented debtors, creditors' committees, equity committees, bankruptcy trustees and state court receivers as well as individual creditors, equity holders, insurance companies and prospective purchasers of assets.

Chris has represented both plaintiffs and defendants in dozens of evidentiary hearings in matters ranging from complex contested plan confirmation hearings in bankruptcy court to jury trials in state court. In addition to his trial practice, Chris represents clients in appellate matters involving complex bankruptcy and insolvency issues. Chris has briefed and argued matters in numerous appellate courts throughout the country, including several circuit courts and the California Supreme Court.

Before forming Lesnick Prince & Pappas LLP, Chris was a partner in the Bankruptcy and Restructuring Group at Sonnenschein Nath & Rosenthal (predecessor firm to Dentons). Prior to that, he practiced for five years at McCutchen Doyle Brown and Enersen (predecessor firm to Bingham McCutchen). Before entering private practice, he worked for the NAACP Legal Defense and Educational Fund, Inc. and the Natural Resources Defense Council.

Chris has been named to the California Super Lawyers list every year since 2011. He was named to the California Rising Stars list from 2004 to 2008. In 2008, the editorial board of the Los Angeles Daily Journal and San Francisco Daily Journal named Chris to their "Top 20 Under 40" list of prominent attorneys in California under the age of forty.

In 2004, Chris served as President of the John M. Langston Bar Association, one of the nation's oldest and largest African-American bar associations. He served on Langston's Board of Directors for six years and was the co-chair of its business law section.

# Experience

*In re TCAST Communication, Inc.*, Represented debtor in chapter 11 proceedings.

*In re Meruelo Maddux Properties, Inc.*, Represented equity holders who obtained confirmation of an "competing" chapter 11 plan over objection of debtor in possession. Represented reorganized debtor in post-reorganization matters.

*In re Mirage Bottling Group, Inc.*, Represented Chapter 7 Trustee in a portfolio of preference and fraudulent transfer actions.

*Insurance Commissioner v. Centre Insurance Company*, Represented reinsurance company with respect to more than $250 million in allegedly preferential transfers under state insurance insolvency law.

*In re Aloha Airlines, Inc.*, Represented the Official Committee of Unsecured Creditors.

*In re UAL Corporation*, Represented the Official Committee of Unsecured Creditors in claim litigation regarding $9 billion in unfunded pension liabilities.

# Published Decisions

---

*Meruelo Maddux Properties 760 S. Hill Street, LLC v. Bank of America, N.A. (In re Meruelo Maddux Properties, Inc.),* 667 F.3d 1072 (9th Cir. 2012).

*Los Angeles County Metropolitan Transp. Authority v. Alameda Produce Market, LLC*, 52 Cal.4th 1100 (2011).

*Coral Const., Inc. v. City and County of San Francisco*, 50 Cal.4th 315 (2010).

*Centre Ins. Co. v. SNTL Corp. (In re SNTL Corp.)*, 571 F.3d 826 (9th Cir. 2009).

*PW Enterprises, Inc. v. North Dakota Racing Commission (In re Racing Services, Inc.)*, 540 F.3d 892 (8th Cir. 2008).

*In re Western Asbestos Company*, 313 B.R. 456 (Bankr.N.D.Cal. 2004).

*In re Western Asbestos Company*, 313 B.R. 859 (N.D.Cal. 2004).

# Education

---

University of California, Los Angeles School of Law, J.D. 1995

University of Illinois, Urbana-Champaign, B.A. Economics

University of Illinois, Urbana-Champaign, B.A. Political Science



## Matthew A. Lesnick
Partner

310.396.0964
310.396.0963
matt@lesnickprince.com
Download vCard

Experience | Education | Memberships | Honors | Presentations

Matt specializes in business restructuring, bankruptcy, and insolvency-related transactions and litigation.  He represents clients in bankruptcy cases, out-of-court restructurings and litigation matters throughout the country. Matt has represented debtors and creditors in and out of bankruptcy, as well as creditors committees, secured lenders and agents for syndicated lending groups, secured and unsecured note holder and bond holder groups, bankruptcy trustees and acquirers of assets from troubled companies. He has also represented landlords, vendors, licensors and licensees of intellectual property, and other parties that have on-going business relationships with troubled companies.

Matt's insolvency litigation experience includes both trial and appellate work. He has confirmed chapter 11 plans of reorganization on behalf of debtors and creditors committees, contested plans on behalf of creditors and equity holders, and litigated claims of fraud, breach of fiduciary duty, and bankruptcy avoidance powers. Matt also has extensive experience in general commercial litigation and creditors' rights matters.

## Experience

Matt was a partner in the Financial Restructuring Group and Financial Services and Insolvency Litigation Group at Bingham McCutchen LLP and its predecessor, McCutchen, Doyle, Brown & Enersen, LLP (now merged into Morgan Lewis LLP) until November 2005. He joined the McCutchen firm as an associate in its bankruptcy group in 1996. From 1994 to 1996, Matt served as law clerk to the Hon. Michael J. Kaplan, then Chief Bankruptcy Judge for the Western District of New York.

## Education

University of Pennsylvania Law School, J.D. 1994

Cornell University, AB 1990

## Memberships

- State Bar of California
- American Bankruptcy Institute
- Los Angeles Bankruptcy Forum
- Financial Lawyers Conference
- Los Angeles County Bar Association Commercial Law & Bankruptcy Section

## Honors

- Included in *The Daily Journal's* list of 20 "Top Bankruptcy Lawyers" in California for 2022
- Named a "Super Lawyer" in the field of bankruptcy law in the Southern California survey published by Law & Politics magazine and Los Angeles magazine every year since 2013
- Named a "Super Lawyer Rising Star" in bankruptcy every year from 2004 through 2009
- Peer-rated AV-Preeminent 5.0 out of 5.0  by Martindale-Hubbell/Lexis-Nexis
- Rated 10 out of 10 by Avvo.com
- Editor, Comparative Labor Law Journal, University of Pennsylvania.

## Presentations

- Speaker, Orange County Bar Association, Intellectual Property & Technology Law Section, on topic of bankruptcy issues in IP transactions
- Guest Lecturer, "Deals: Engineering Financial Transactions" (Prof. Fleischer), on topic of bankruptcy M&A transactions, UCLA Law School
- Guest Lecturer, "Patent Protection and Antitrust Restraints" (Prof. Schechter), on topic of bankruptcy issues in intellectual property licensing, Loyola Law School



## Lisa R. Patel
### Associate

213.224.7860
213.493.6596
lpatel@lesnickprince.com
Download vCard

Experience     |     Education

## Experience

Lisa's practice focuses on bankruptcy and commercial litigation. Lisa earned her J.D. from UCLA School of Law.

Prior to joining LPPA, Lisa was an associate at a Los Angeles-based firm practicing securities and employment litigation.

In law school, Lisa was an intern for Inner City Law Center, where she advocated for housing equality for people experiencing homelessness in Los Angeles. She was also a law clerk for a corporate and commercial litigation firm located in Century City.

## Education

University of California, Los Angeles School of Law, J.D. 2021

Cornell University, A.B. 2018



# Michael E. Pappas

### Partner

213.493.6585
213.493.6596
mpappas@lesnickprince.com
Download vCard

| Experience | Education | Publications | Honors | Admissions |

Mike has a broad range of experience counseling and representing clients in complex commercial disputes, including matters involving distribution, franchising, marketing, competition, trademarks, trade secrets, insurance coverage, fiduciary duties, real estate, creditors' rights and general business law.  He has practiced in state and federal courts nationwide and tried several jury and bench trials and arbitrations to conclusion successfully.

# Experience

## Distribution and Franchise

Mike has handled numerous domestic and international disputes between manufacturers and distributors over the scope, enforceability and termination of distribution, franchise and license agreements as well as price-fixing and claims of anti-competitive conduct.  He has counseled and represented such prominent brands as Dermalogica, Toddy, Red Bull North America, Inc., McDonald's Corporation and Culligan International Company, as well as smaller manufacturers, suppliers, distributors, franchisors and franchisees. His work on behalf of Red Bull led to a published decision on the specificity of terms necessary to establish and enforce an oral distribution agreement.  *Dominique Unterberger v. Red Bull North America, Inc.*, 162 Cal.App.4th 414 (2008).

## Trade Secret

In the trade secret arena, Mike has counseled numerous companies and former employees in cases alleging misappropriation of trade secrets and proprietary information and unfair competition.  Mike was counsel in the seminal trade secret case, *Whyte v. Schlage Lock Company*, 101 Cal.App.4th 1443 (2002), which addressed the "inevitable disclosure doctrine" in trade secret law, and since that time has handled dozens of cases involving employee mobility and restraints.  Notable recent cases include

representation of a major U.S. food distribution entity in litigation with its competitor specific involving the poaching of multiple salespeople, and a medical device manufacturer's acquisition of a competitor's sales team.   In 2022, Mike authored a chapter in the treatise *Trade Secret Litigation & Protection, A Practice Guide to the DTSA and the CUTSA*, published by the Intellectual Property Section of the California Lawyers Association.

## Trademark

————

Mike was primary outside counsel for trademark enforcement nationwide for Red Bull North America, Inc., to prevent the passing-off of imitation energy drinks and currently represents Toddy, LLC in brand protection matters.   He previously represented Vans, Inc. in trademark litigation to protect its valuable Checkerboard and Diamond outsole design trademarks.

## Commercial Litigation

————

Examples of Mike's commercial litigation experience include the following:

- Achieved multi-million dollar arbitration award in favor of ousted partner in a private equity firm.
- Successful defense in arbitration of price fixing and antitrust claims by reseller against manufacturer.
- Achieved arbitration award in excess of $1,000,000 in favor of partner improperly removed from ownership of successful mortgage bank.
- Investigation and litigation against former officers and directors of failed financial institutions for breaches of fiduciary duty and negligence.
- Successful defense at trial of consumer products manufacturer Salton, Inc., for breach of sponsorship agreement and fraud brought by the rock band Linkin Park.
- Representation of fabric supplier in litigation of cases involving copyrights on fabric designs.
- Jury verdict in favor of Allstate Insurance Company in insurance bad faith case arising out the Malibu firestorms.
- Summary judgment on behalf of client in insurance bad faith case on eve of trial where severely brain-damaged plaintiff sought $35 million in damages.
- Successful representation of international financial institution in litigation and work-out of troubled loan and real estate partnership interests in two major shopping malls.
- Numerous cases between financial institutions and their borrowers involving all aspects of prejudgment remedies, litigation, foreclosure and restructuring of borrower relationships.

Before joining Lesnick Prince & Pappas LLP, Mike was a litigation partner with Luce Forward Hamilton & Scripps, LLP and Sonnenschein Nath & Rosenthal LLP (now Dentons).   From the Fall of 1998 through the Spring of 1999, Mike was a visiting professor of law at Beijing University in China, lecturing on United States law, legal ethics and professional responsibility.

## Education

————

University of California College of the Law San Francisco (formerly UC Hastings College of the Law) Juris Doctor

UCLA, B.A. Communications Studies

## Publications

————

Chapter 8 "Initial Pleadings" in "Trade Secret Litigation & Protection, A Practice Guide to the DTSA and the CUTSA," (California Lawyers Association 2022), Randall E. Kay, Rebecca Edelson, and Robert Milligan, eds.

"California Unique, Not So Chic: Legal Issues Affecting Companies Doing Business in California" – Corporate Counsel – September 2010.

## Honors

————

Mike is regularly named a Southern California "Super Lawyer" for Business Litigation from 2004 to the present by *Law & Politics* Magazine after annual peer surveys of Southern California's 65,000 lawyers.

## Admissions

————

- California
- U.S. District Court—Central, Northern, Southern and Eastern Districts of California
- U.S. District Court—Colorado, Middle District of Florida, Northern District of Illinois, Western District of New York, Southern District of Texas
- U.S. Court of Appeals for the Second Circuit
- U.S. Court of Appeals for the Ninth Circuit



# David S. Alverson

**Partner**

213.493.6582
213.493.6596
dalverson@lesnickprince.com
Download vCard

| Experience | Education | Honors | Organizations | Pro Bono | Presentation |

David advises and represents companies and individuals in complex business disputes.  David has advised and represented clients in a broad range of matters, including real estate, partnership, business torts, trade secrets, copyright, trademark, entertainment, unclaimed property, contracts, securities, unfair competition, insurance and other business disputes.  David also has experience in the area of creditor's rights, including pre- and post-judgment remedies.  In addition to representing clients in both state and federal trial courts, David has represented clients at both the state and federal appellate level (most recently, having prevailed after oral argument before the U.S. Court of Appeals for the Ninth Circuit).  Corporate clients David has represented include financial services, real estate, entertainment, media, manufacturing, apparel, garment, health care, insurance, aerospace, food and beverage services, retail department store and communications companies.

Every year since 2014, David has been selected to the Southern California "Super Lawyers" list published by Thomson Reuters and *Los Angeles* magazine, an honor received by no more than five percent of all lawyers in Southern California.

Before joining the firm, David was a partner at the global law firm SNR Denton (formerly Sonnenschein Nath & Rosenthal, now Dentons).  David utilizes his "big firm" background and experience to provide clients with a high level of expertise and advice, but at "small firm" rates so that clients receive exceptional value for his legal services.

# Experience

## Partnership and Business Contract Disputes

- After trial, prevailed in business dispute between two co-owners of commercial property, securing seven-figure judgment on client's partition and accounting claims and obtaining complete defense victory on opposing co-owner's breach of fiduciary duty claim.
- Obtained summary judgment on behalf of managers of limited liability company (international franchisor) in lawsuit brought by co-manager (also the company's largest member/owner) over control of the company and alleged breaches of fiduciary duty.
- After three-week arbitration, successfully defended members and managers of limited liability company in claims brought by company's former manager and largest member relating to company's ownership, management and operating agreement.

- After securing dismissal of embezzlement lawsuit, obtained favorable settlement on behalf of company president / co-owner in lawsuit filed by other co-owner related to handling of company finances.
- Obtained complete defense victory in arbitration on behalf of law firm against party seeking to enforce asset location services agreement whereby law firm and party agreed to coordinate asset location activities against common third-party debtor.
- Obtained dismissal of federal breach of contract lawsuit filed against tire pressure system manufacturer.

## Media/Entertainment/Intellectual Property

- After multiple-day arbitration that established liability of defendant, obtained favorable settlement on behalf of investor who alleged improper diversion of his multi-million dollar investment intended for the development and production of Broadway musicals.
- After securing dismissal of fraud cause of action, obtained favorable settlement on behalf of music publishing, merchandising and artist management companies in dispute between current and former members of famous hard rock band over control of original band's valuable intellectual property.
- On behalf of magazine publisher, obtained dismissal of lawsuit filed by fitness models alleging improper and unauthorized publication of their photos.
- Represented fabric companies in copyright infringement lawsuits.
- Represented financial services company in lawsuit brought by production company over cancelled Super Bowl television advertisement.
- Represented major newspaper in lawsuit arising out of employee's embezzlement.

## Financial Services/Real Estate

- Obtained dismissal resulting in no liability on behalf of major escrow services company in class action lawsuit brought by investors in major apartment complex.
- After defeating application for temporary restraining order and preliminary injunction in state court action and successfully moving to transfer related federal court action, obtained favorable settlement for major lending institution in state and federal lawsuits filed by borrowers arising from loans issued to borrowers to finance purchase of hotel properties throughout United States.
- After defeating motion to dismiss client's federal counterclaim, obtained favorable settlement on behalf of Fortune 500 real estate and financial services company in lawsuit brought by major long-distance carrier alleging breach of telecommunications contract, fraud and deceptive business practices.
- After successful summary adjudication motions, obtained combined judgments in excess of $10 million on behalf of major health care company in three related lawsuits against purchaser of company's Southern California medical clinic business arising from purchaser's failure to comply with lease obligations of acquired medical clinics.
- Represented coastal property owners in dispute with state agency and non-profit organization concerning opening of public beach accessway.
- Represented various companies in commercial lease disputes.

## Securities/Shareholder

- Prevailed on dispositive motion resulting in dismissal of stock transfer agent in lawsuit brought by Canadian company shareholders who alleged, in seven-figure damages claim, that transfer agent wrongfully refused to remove restrictive legend from shareholders' stock certificates. That dismissal was upheld on appeal after oral argument before the U.S. Court of Appeals for the Ninth Circuit.

- Obtained dismissal resulting in no liability on behalf of publicly traded partnership ("PTP") in lawsuit brought by trustee regarding trust's shareholder interest in PTP.
- After securing dismissal of breach of fiduciary duty claim filed by shareholder of publicly traded company against company's stock transfer agent, settled shareholder lawsuit on extremely favorable terms to stock transfer agent.
- Obtained dismissal of complaint against shareholder services company alleging improper escheatment of property.
- Represented former director of Fortune 500 company in federal and state shareholder derivative actions brought against current and former company officers and directors alleging improper stock options backdating.

## Manufacturing/Distribution/Franchise

- Negotiated termination of franchise agreement on behalf of franchisee due to COVID-related business interruption.
- Obtained favorable settlement on behalf of major portable shelter manufacturer in lawsuit brought by former Chinese supplier arising from manufacturer's termination of business relationship.
- Obtained favorable settlement on behalf of major tire manufacturer in lawsuit brought by former Mexican distributor challenging manufacturer's termination of distributorship.
- Represented national retail pharmacy franchisor in dispute with franchisee concerning termination of license agreement.

## Insurance Defense

- Obtained summary judgment on behalf of defendants (tractor-trailer driver and his alleged superiors/employers) in wrongful death lawsuit filed by family of deceased tractor-trailer driver involved in one of a series of three, multi-vehicle highway accidents.
- Represented insurance company in lawsuit filed by severely-injured plaintiff seeking multi-million dollar damage award; lawsuit was dismissed on summary judgment.
- Represented insurance company in lawsuit filed by trucking company arising from alleged theft, damage and recovery of tractor trailer and cargo.

## Education

University of Southern California School of Law, J.D. – 1998

University of Southern California, B.A., *magna cum laude*, International Relations – 1993

## Honors

Selected to Southern California "Super Lawyers" list in the field of business litigation as published by Thomson Reuters and *Los Angeles* magazine – 2014 through 2024

Pro Bono Advocate of the Year, Sonnenschein Nath & Rosenthal Los Angeles office – 2007

Senior Editor, *Southern California Law Review* – 1997-98

## Organizations

David is a member of the Los Angeles County Bar Association and the Association of Business Trial Lawyers. Additionally, he has served as a vice-chairman on the Board of Trustees of the Providence Little Company of Mary Foundation, which raises funds to support affiliated hospitals and other health care facilities and programs in the South Bay, Peninsula and Harbor communities of

Southern California.  David currently serves on the Audit Committee of that foundation.  David also has served as a volunteer soccer coach for AYSO.

As a third-generation Trojan, David also enjoys being involved in various USC alumni groups.

## Pro Bono

————

David has devoted significant time to pro bono matters.  He has represented persons seeking asylum in the United States, including the successful representation of a Syrian citizen in U.S. Immigration Court.  He also has served as a guardian ad litem for the Los Angeles County Juvenile Dependency Court.

## Presentations

————

"The New California E-Discovery Rules" – Sonnenschein Nath & Rosenthal CLE Seminar for In-House Counsel

# EXHIBIT B

1  CHRISTOPHER E. PRINCE (SBN 183553)
       cprince@lesnickprince.com
2  LESNICK PRINCE PAPPAS & ALVERSON LLP
   315 W. Ninth St., Suite 705
3  Los Angeles, CA 90015
   Telephone: (213) 493-6496
4  Facsimile:   (213) 493-6596

5  Proposed Special Litigation Counsel for
   Chapter 7 Trustee, Thomas H. Casey
6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                     SANTA ANA DIVISION

11

12  In re                                    Case No. 8:23-bk-11489-SC

13  TRUE PHARMASTRIP, INC., a Canadian        Chapter 7
    corporation,
14                                            **NOTICE OF APPLICATION OF
                                              CHAPTER 7 TRUSTEE FOR ORDER**
15                                            **AUTHORIZING EMPLOYMENT OF**
                                              **LESNICK PRINCE PAPPAS &**
16             Debtor.                        **ALVERSON LLP AS SPECIAL**
                                              **LITIGATION COUNSEL**
17

18                                            [No Hearing Required – Local
                                              Bankruptcy Rule 2014-1]
19

20
          PLEASE TAKE NOTICE Thomas H. Casey, the chapter 7 trustee in this case
21
   (the "Trustee"), has filed an application (the "Application") seeking authority to employ
22
   Lesnick Prince Pappas & Alverson LLP ("LPPA") as his special litigation counsel to
23
   investigate and pursue potential avoidance actions and litigation claims on a hybrid hourly
24
   and contingency fee basis on the terms and conditions as set forth in the Application. The
25
   Application is made pursuant to 11 U.S.C. § 327, Federal Rule of Bankruptcy Procedure
26
   2014, and Local Bankruptcy Rule 2014-1
27

28

Pursuant to 11 U.S.C. §§ 327, 328 and 330, the Trustee proposes to compensate LPPA as follows:

• LPPA shall receive fifty percent of its standard hourly rates under the free procedures described below.  LPPA shall also collect a contingency fee of between fifteen and twenty-five percent of recovery in any matter – ten percent if collected within four months, fifteen percent of recovery if collected before completion of discovery, twenty percent if collected before the pretrial conference and twenty-five percent thereafter.  This contingency fee will be payable on any monetary recovery on account of the Litigation Claims, whether it be achieved by way of settlement, compromise, judgment, verdict, arbitration, or otherwise.

• For calculating the reduced-hourly rate, LPPA will use the same hourly rates for this case that LPPA predominantly uses for other matters, whether in court or otherwise, regardless of whether a fee application is required.  The current standard hourly rates for the LPPA professionals most likely to work on this matter are as follows:

| | |
|---|---|
| Michael E. Pappas | $710/hour |
| Christopher E. Prince | $695/hour |
| Matthew A. Lesnick | $695/hour |
| David S. Alverson | $680/hour |
| Lisa R. Patel | $425/hour |
| Janet Mack (paralegal) | $255/hour |

• LPPA's attorneys adjust their regular hourly rates from time to time. LPPA will provide written notice of any proposed increases in its rates.  LPPA may hire additional attorneys from time to time and may utilize such attorneys without additional notice.  LPPA will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the OUST.

• This fee arrangement does not cover any appeals, and LPPA shall have no obligation to pursue or defend any appeals.  If the Trustee and LPPA both decide that

1   LPPA should pursue or defend any appeal of any of the Litigation Claims, then the Trustee

2   and LPPA may agree to additional terms and conditions of compensation that the Trustee

3   deems reasonable, without any further Court approval required.

4          •      LPPA has not received any payments from the Trustee.    LPPA

5   anticipates that it will receive an "evergreen" retainer from BPMD Texas Partners, LP in the

6   amount of $50,000, which amount shall be reimbursed from the assets of the estate.

7          •      In connection with the hourly component of its compensation, LPPA will

8   file one or more fee applications seeking Court authority to receive compensation and

9   reimbursement of expenses from the Trustee consistent with any orders of the Bankruptcy

10  Court and applicable procedures established by the OUST ("Court Approved Hourly Fees").

11  LPPA will look to BPMD Texas Partners, LP for payment of those allowed fees unless and

12  only to the extent that the Estate obtains funds by way of the Litigation Claims to pay those

13  fees.

14         •      LPPA shall not be required to file any fee applications to recover the

15  contingency fee component of its compensation. The Trustee shall be authorized to pay

16  such amounts without further Court approval.

17         PLEASE TAKE FURTHER NOTICE that the Application is based on this

18  Notice, the Application and all pleadings filed in support of the Application, the entire record

19  in this case, the statements, arguments and representations of counsel made at the hearing

20  on the Application, if any, and any other evidence properly submitted to the Court.

21         PLEASE TAKE FURTHER NOTICE that a copy of the Application may be

22  obtained from the Clerk's Office at 411 West Fourth Street, Santa Ana, California 92701, or

23  by written request to LPPA at the address and telephone number shown in the upper left-

24  hand corner in the first page of this notice.

25         PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule

26  2014-1(b)(3)(E), any response or opposition to the Application or request for a hearing must

27  be made in the form required by Local Bankruptcy Rule 9013-1(f) and must be filed with the

28

1  Court and served upon: Christopher E. Prince, Lesnick Prince Pappas & Alverson LLP, 315

2  West Ninth Street, Suite 705, Los Angeles, California 90015, and the Office of the United

3  States Trustee, no later than 14 days from the date of service of this notice, plus an

4  additional 3 days if you were served by mail.

5          PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule

6  9013-1(h), the failure to timely file and serve an objection or request for hearing may be

7  deemed by the Court to be consent to the relief requested.

8  DATED: April 18, 2025            LESNICK PRINCE PAPPAS & ALVERSON LLP

9

10                                    By:  /s/ Christopher E. Prince
                                        Christopher E. Prince
11                                      Proposed Special Litigation Counsel for Chapter
                                        7 Trustee, Thomas H. Casey
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Lesnick Prince Pappas & Alverson LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING EMPLOYMENT OF LESNICK PRINCE PAPPAS & ALVERSON LLP AS SPECIAL LITIGATION COUNSEL; DECLARATIONS OF CHRISTOPHER E. PRINCE AND THOMAS H. CASEY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/18/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Christopher Crowell**    ccrowell@hrhlaw.com
- **Allison C. Murray**    acmurray@swlaw.com, kcollins@swlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Timothy J Yoo**    tjy@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/18/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

**Debtor:**
True Pharmastrip, Inc.
c/o Benchmark Law Corporation
1383 West 8th Avenue
Vancouver, BC V6H3W4
Canada

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/18/2025 | Janet A. Mack | /s/ Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4898-1090-1815

**F 9013-3.1.PROOF.SERVICE**