FILED & ENTERED

JUN 11 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>True Pharmastrip, Inc.<br><br><br><br>Debtor(s). | Case No.: 8:23-bk-11489-SC<br><br>CHAPTER 7<br><br>**ORDER DISMISSING CASE AND VACATING HEARING**<br><br><u>Vacated hearing</u>:<br>Date:      June 17, 2025<br>Time:      11:00 AM<br>Courtroom:  5C |

     The Court, having considered the Order Directing Debtor to Appear and Show Cause why the Case Should not be Dismissed for the Failure to Obtain Counsel and File the Remaining Case Initiating Documents and Requiring a Response by the Chapter 7 Trustee entered April 7, 2025 [Dk. 138] ("OSC"), all relevant pleadings, the docket as a whole, and noting no further pleadings have been filed, finds this matter appropriate for disposition without a hearing and finds good cause to DISMISS this case and VACATE the June 17, 2025 hearing re the OSC.

     On July 24, 2023, (i) BPMD Texas Partners, LP, together with (ii) Lejos Investments, LLC, (iii) Richard Lyons, (iv) Gordon Smith, and (v) Robert Chaikin

("collectively, the "Petitioning Creditors") filed an involuntary chapter 7 petition against the Alleged Debtor, pursuant to 11 U.S.C. § 303. An order for relief was entered September 30, 2024 [Dk. 129].

An Order Requiring the Filing of Schedules, Statements, and Other Documents Within 14 days pursuant to FRBP 1007, was entered October 21, 2024 [Dk. 133 ("October 21 Order")]. Debtor, who is not represented by counsel, did not comply with the October 21 Order.

As a result of the foregoing, on April 7, 2025, the Court entered an order directing Debtor to appear on May 6, 2025, at 11:00 a.m. and show cause why the case should not be dismissed for (1) the failure to have counsel, as required by Local Bankruptcy Rule 9011-2 ("a corporation…. may not…. appear without counsel in any case or proceeding….") and (2) for the failure to comply with the October 21 Order [Dk. 138]. Any response, by any party, was required by April 22, 2025, with replies due April 29, 2025.

The OSC warned the parties that if no response was timely filed, or if a response was timely filed, but no party attended the hearing, the Court would dismiss this case without further notice or hearing.

On April 22, 2025, regarding the OSC, Trustee filed a status report [Dk. 145] and Petitioning Creditors filed a Response [Dk. 146]. No reply to either pleading was filed.

Prior to the May 6, 2025 hearing on the OSC, the Court issued the following tentative ruling, which was adopted:

> This matter is CONTINUED to June 17, 2025, at 11:00 a.m. The Court advises all parties that mail directed to Debtor, at the address listed on the docket, is being returned to the Court as undeliverable; accordingly, Trustee and/or Petitioning Creditors must locate an alternative address for service, which must be filed with the Court by no later than May 27, 2025. Debtor, via the alternative address, must also be served with the status reports [Dks 145 and 146] and the OSC [Dk. 138], with a proof of service filed by no later than May 27, 2025.
>
> Alternatively, if the parties believe that Debtor remains at the address listed on the docket, a declaration attesting to that fact, which includes the foundational basis for arriving at that conclusion, must be filed by no later than May 27, 2025.

1         If either Trustee, or the Petitioning Creditors (in collaboration with
Trustee), do not file anything as directed above, the Court will dismiss this
2    case without further notice or hearing.

3         Appearances for the 5/6 hearing are excused

4         The docket reflects that nothing was filed by Trustee, the Petitioning Creditors, or

5    any other party by May 27, 2025.

6         Accordingly, the Court finds good cause to DISMISS this case and vacate the

7    June 17, 2025 hearing re the OSC.

8         **IT IS SO ORDERED.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: June 11, 2025

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

-3-